UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERALD MOYHER,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN SIEMINSKI, ET AL.,<br><br>        Respondents. | PRISONER<br>CASE NO. 3:07-CV-1540 (CSH) |

**RULING AND ORDER**

Petitioner Gerald Moyher (hereinafter "petitioner") commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 convictions for assaulting a police officer in the performance of his duties and for interfering with a police officer in the performance of his duties. Petitioner raised two grounds in the petition. First, he argued that his conviction should be overturned because evidence seized by the police pursuant to a warrantless entry into his home in violation of the Fourth Amendment was used against him at trial. Second, he contended that the Connecticut Appellate Court erred in determining that the record on appeal was inadequate to permit review of his un-preserved Fourth Amendment claim. The respondents moved to dismiss the petition on several grounds.

On March 31, 2009, the Court issued an order granting respondents' motion to dismiss the petition on the ground that the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976), precluded the Court's review of petitioner's Fourth Amendment claim, petitioner had not met either of the two exceptions to *Powell's* general rule that Fourth Amendment claims are not reviewable in federal habeas petitions, and the Connecticut Appellate Court had not erred in determining that

the record on appeal was inadequate for review of the Fourth Amendment claim. In that ruling, however, the Court did not make a determination of whether a certificate of appealability would issue as required by 28 U.S.C. § 2253(c)(1).

At this time, the Court concludes that petitioner has not shown that he was denied a constitutionally or federally protected right. Thus, any appeal from the ruling and order [**Doc. # 21**] granting the motion to dismiss the petition would not be taken in good faith and a certificate of appealability will not issue.

Pending before the Court are multiple motions filed by petitioner relating to his appeal of the Court's ruling granting the motion to dismiss the petition. Petitioner seeks to reopen the time for filing an appeal as well as an extension of time to file an appeal of the Court's decision. The petitioner's motions for extension of time and to reopen the time to file a notice of appeal are granted *nunc pro tunc*. Petitioner filed his notice of appeal on September 14, 2009.

Petitioner seeks leave to proceed *in forma pauperis* on appeal and requests copies of transcripts and motions filed in this case. Because the Court has now certified in writing that an appeal would not be taken in good faith, the petitioner is not permitted to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3).

Petitioner seeks free copies of transcripts and motions filed in this case. He claims much of his paperwork was destroyed in a recent house fire and that his brother cannot locate many of his documents. Petitioner fails to explain the need for copies of these transcripts and motions. Thus, the request is denied for lack of good cause shown. The motion for leave to proceed *in forma pauperis* on appeal and for copies of transcripts and motions is denied.

Petitioner seeks the appointment of *pro bono* counsel. Appointment of counsel in habeas

corpus cases is discretionary, and that discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts; 18 U.S.C. § 3006A(a)(2)(B).

As indicated above, the Court has granted the respondents' motion to dismiss, the Clerk has entered judgment for respondents, and the case is closed. Thus, the Court concludes that justice does not require the appointment of counsel or that a hearing will be necessary at this stage of the case. The motion for appointment of counsel is denied. Petitioner may renew his motion at the U.S. Court of Appeals for the Second Circuit.

## **Conclusion**

After further review of this Court's ruling and order [**Doc. # 21**] granting respondents' motion to dismiss the petition for writ of habeas corpus, the Court has concluded that petitioner has not shown that he was denied a constitutionally or federally protected right. Thus, any appeal from the ruling and order [**Doc. # 21**] granting the motion to dismiss the petition would not be taken in good faith and a certificate of appealability will not issue.

The petitioner's Motion for Leave to Proceed on Appeal *In Forma Pauperis* and for Copies of Transcripts and Documents **[Doc. # 24]** and Motion for Appointment of Counsel [**Doc. # 28**] are **DENIED**. The petitioner's Motion to Reopen Time to File Notice of Appeal [**Doc. # 23**] and Motion for Extension of Time to File Notice of Appeal [**Doc. # 25**] are **GRANTED**.

It is SO ORDERED

Dated: New Haven, Connecticut
     September 22, 2010

                                        */s/Charles S. Haight, Jr.*
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge